UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| James Wallace, | ) | CASE NO. 1:13 CV 1998 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Edward Sheldon, Warden | ) | |
| | ) | |
| Respondent. | ) | |


**INTRODUCTION**

*Pro se* Petitioner James Wallace filed the above-captioned Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Toledo Correctional

Institution, serving a fourteen-year sentence for one count of kidnaping and one count of

felonious assault. In his Petition, he asserts that the trial court made improper and biased

comments at his sentencing hearing, constituting judicial misconduct and denying him due

process. For the reasons set forth below, the Petition is denied and this action is dismissed.

**BACKGROUND**

Petitioner and four accomplices went to the victim's home on January 12, 2011. *See*

*State v. Wallace*, No. 97069, 2012 WL 682875 at *1 (Ohio App. 8 Dist. Mar. 1, 2012).

Petitioner subdued the victim and ordered the others to help him tie up the victim in the dining

room. *Id.* While the accomplices were complying with the order, Petitioner went to the kitchen,

found a knife, turned on the stove's gas burner and heated the knife blade.  *Id.*  He then returned

to the dining room and applied the blade to the victim's face, burning the victim in three places.

*Id.*

Petitioner was arrested on January 13, 2011.  He was indicted on February 17, 2011 on

charges of kidnaping, aggravated robbery, two counts of felonious assault, and domestic

violence.  He entered into a plea agreement on May 23, 2011.  Pursuant to that agreement, he

pled guilty to one count of kidnaping and one count of felonious assault.  The remaining counts

were dismissed by the state.  He was sentenced on June 23, 2011 to seven years on each count

to be served consecutively, for an aggregate total of fourteen years incarceration.

Petitioner filed an appeal of his sentence to the Ohio Eighth District Court of Appeals on

July 21, 2011.  He asserted two assignments of error.  *Id.*  First, he argued that the charges of

kidnaping and felonious assault to which he pled guilty should have been merged as allied

offenses pursuant to Ohio Revised Code § 2941.25(A).  *Id.*  In his second assignment of error,

he argued that the trial court should have conducted a hearing on this issue before sentencing

him.  *Id.*  The Court of Appeals found that the trial court did conduct a hearing on the issue and

determined the second assignment of error was without merit.  *Id.*  With respect to the first

assignment of error, the Court of Appeals determined that the events did not occur at one time.

*Id.* at *2.  Instead, Petitioner punched the victim to incapacitate him, then ordered him to be

restrained.  *Id.*  He took additional time to find a weapon, and then heated it before applying it

to the victim.  *Id.*  The Court found it was not a continuous series of events that occurred

simultaneously because the felonious assault did not last the duration of the restraint.  *Id.*  His

first ground for relief was overruled.  The Court of Appeals issued its opinion upholding

-2-

Petitioner's sentence on March 1, 2012.  *Id.*

Petitioner did not file a timely appeal of this decision to the Ohio Supreme Court.

Instead, he filed a Motion for Delayed Appeal on October 25, 2012.  The Ohio Supreme Court

denied the Motion on December 18, 2012.

**HABEAS PETITION**

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28

U.S.C. §2254 on September 10, 2013.  He asserts one ground for relief:

> The court violated my due process right in violation of the United
> States Constitution and made improper and biased remarks,
> constituting judicial misconduct and abuse of discretion.

(Pet. ECF No. 1 at 5).  In support of this ground, he asserts that the state initially merged the

two counts to which he pled guilty; however, "[t]he sentencing Judge then made bias and

improper remarks before changing her position on merging of counts 1 & 3.  The state then

sentenced me to consecutive terms."  (Pet. ECF No. 1 at 5).  He further indicates the criteria for

consecutive terms was "based solely on speculation and facts from count 4 of the indictment,"

which the state agreed to dismiss.  (Pet. ECF No. 1 at 5).  He notes that the state merged the

counts to which his Co-Defendants pled, and he argues that because the charges stemmed from

the same incident, his offenses should also have been merged.  (Pet. ECF No. 1 at 5).

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus

petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see*

*Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.

1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 405.  In order to have an "unreasonable application of ... clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect.  *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id*. at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it

-4-

represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary.  *Id.*  "This standard requires the federal courts to give considerable deference to state court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007).  AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles.  Specifically, a petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c).  Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.  *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.  Specifically, in determining whether a petitioner "fairly presented" a federal constitutional

claim to the state courts, federal habeas courts should consider whether that petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that a petitioner must recite "chapter and verse" of constitutional law, but he is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because a petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929

F.2d 264, 265 (6th Cir. 1991).

To determine if a claim is procedurally defaulted, the court must determine: (1) whether there is a state procedural rule that is applicable to the petitioner's claim with which the petitioner failed to comply; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., procedurally defaulted), are generally not cognizable on federal habeas review.

## **DISCUSSION**

Petitioner's ground for relief is unexhausted. He challenges his consecutive sentences as a denial of due process based on comments made by the judge for the first time in this Petition. He challenged his consecutive sentences in state court on direct appeal as a violation of Ohio Revised Code § 2941.25(A). To be considered exhausted, Petitioner must raise the claim in state court under the same legal theory as it is asserted in the federal habeas petition. Because

-7-

the claim asserted in this Petition is based on a new legal theory which was not presented to the state courts, it is unexhausted.

Furthermore, while Petitioner challenged his consecutive sentences in the Ohio Court of Appeals, he was procedurally barred from completing the exhaustion process at the Ohio Supreme Court.  He did not file a timely appeal in the Ohio Supreme Court and his Motion for Delayed Appeal filed six months after the Court of Appeals affirmed his sentence was denied. A claim is considered to be exhausted only when the state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *Rust*, 17 F.3d. at 160.  A procedural default can occur when a petitioner fails to obtain consideration of a claim by a state court, either because he failed to raise the claim before the state court or because a state procedural rule prevented the state court from reaching the merits of the claim, and Petitioner has no available remedy left in state court to complete the process.  *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir.2000) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).

Here, Petitioner has no remedy in state court which is still available to him to properly exhaust his habeas ground for relief.  His objection to comments made by the sentencing court could and should have been asserted in his direct appeal.  Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings.  *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967).  Petitioner challenged his consecutive sentences as a violation of Ohio Revised Code § 2941.25(A) on direct appeal.  *Res judicata* would bar him from returning to the Ohio Court of Appeals to assert another challenge to his consecutive sentences based on the new legal theories of judicial misconduct and denial of due process.  Moreover, the Ohio Supreme Court already denied his attempt to file a delayed

-8-

appeal.  He cannot return to the Ohio Supreme Court to attempt to complete his appeals process. That avenue of exhaustion has also been barred.  Petitioner, therefore, has no available remedy in state court to fully exhaust this claim, and it is procedurally defaulted.

Although procedurally defaulted, the Court may consider the claim on the merits if Petitioner demonstrates that (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review.  *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000).  Cause for a procedural default must ordinarily turn on whether Petitioner can show that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 484 (1986).  "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'"  *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage."  *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  Moreover, because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96).

-9-

Petitioner offers no explanation for his failure to raise his claim as a denial of due process based on judicial misconduct in the state court or his failure to file a timely appeal to the Ohio Supreme Court.  He has not demonstrated cause and prejudice to excuse the default.  In addition, Petitioner does not dispute his guilt on the underlying substantive offenses.  His ground for relief focuses on the consecutive sentences he received.  Nothing in the Petition suggests a fundamental miscarriage of justice occurred in this case.

**CONCLUSION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF  No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/14